# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **THEODORE PHILLIPS** | **CIVIL ACTION NO. 08-1600** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **CHIEF JUDGE HAIK** |
| | **MAGISTRATE JUDGE HILL** |

## MEMORANDUM ORDER

Before the court is the Motion to "Stay and Abeyance" filed by *pro se* petitioner Theodore Phillips in connection with his petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on October 20, 2008. [rec. doc. 9]. By this Motion, petitioner requests that his federal petition be stayed and held in abeyance while he exhausts additional claims in the Louisiana state courts, presumably so that he may fully exhaust these issues before requesting that this court review the issues by amended petition. More specifically, he seeks to stay and abey this federal proceeding while he exhausts additional claims raised in a pending state post-conviction proceeding wherein, as a result of an October 17, 2008 hearing, petitioner has been granted leave to file supplemental claims for post-conviction relief, and while he seeks state appellate review of adverse rulings of the trial court rendered on January 27, 2009 and February 18, 2009 in connection with contradictory hearings on claims raising *Brady* violations. Other than

1

generally alleging *Brady*, petitioner does not disclose the factual or legal basis of the pending additional claims. Moreover, petitioner does not provide any reason as to why he failed to previously exhaust these unidentified claims in state court.

In the context of "mixed" petitions, the Supreme Court has addressed a district court's authority to grant stays in habeas cases pending exhaustion of state court remedies.[1] *Rhines v. Weber*, 544 U.S. --, 125 S.Ct. 1528 (2005). In *Rhines*, the Court held that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts . . .", district courts may stay and hold in abeyance habeas petitions only in limited circumstances. *Rhines*, 125 S.Ct. at 1535. *See also Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005). Accordingly, stay and abeyance is only appropriate when there is "good cause" for the petitioner's failure to exhaust his claims in state court prior to proceeding in federal court. *Id.* Moreover, even if there is "good cause" for that failure, stay and abeyance is only appropriate when the unexhausted claim is not "plainly meritless." *Id.*

In the instant Motion, petitioner has failed to establish the criteria for the grant of a stay as set forth in *Rhines*. Petitioner suggests that there are additional issues which may entitle him to federal *habeas* relief, and accordingly asks this court to stay his pending

---

[1] The undersigned acknowledges that because petitioner does not seek to amend his unexhausted claims at this time, the instant petition is not technically a "mixed" petition. However, this court has applied the *Rhine* criteria under identical circumstances. *Thomas v. Warden*, 6:05-cv-1214, 2006 WL 418628, *2, 2006 WL 220838, *1 (W.D.La. 1-27-06 and 2-17-06) *citing McFadden v. Senkowski*, 2005 WL 2000163 (W.D.N.Y. 2005) and *Faden v. Annetts*, 2005 WL 1765714 (S.D.N.Y. 2005). Given the absence of contrary authority, the undersigned finds *Rhine* applicable herein.

petition to allow him to complete review of these claims in state court, presumably to comply with this court's complete exhaustion requirement. Petitioner offers no justification as to why he did not previously exhaust his unidentified claims, nor does petitioner provide any factual or legal support for his newly discovered unidentified claims. Thus, there is nothing in the Motion which would enable this court to make the preliminary determination required by *Rhines*, namely whether or not there is good cause for petitioner's failure to previously exhaust his claims, and whether or not the claims are "plainly meritless."

Moreover, given that it appears that the federal one-year limitation period for seeking federal habeas corpus relief set forth at 28 U.S.C. § 2244(d) has not expired[2], it does not appear that staying and holding the instant petition in abeyance would be procedurally proper as petitioner may simply dismiss the instant petition without prejudice, and re-file same immediately after he fully exhausts all claims he wishes to present to this court. *See Reyer v. King*, 2008 WL 625096, *3 (S.D.Miss. 2008) (dismissing a petition for failure to exhaust noting that the "limited circumstances" justifying stay and abeyance were not present because the petitioner "has ample time to

---

[2]Under federal law, petitioner's conviction became final for purposes of the one year limitation period on April 12, 2007, when the time for seeking direct review in the United States Supreme Court expired. See 28 U.S.C. § 2244(d)(1)(A); *Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999); *See also Clay v. United States*, 123 S.Ct. 1072, 1077 at fn. 3 (2003); Supreme Court Rule 13. The record before this court reveals that with the exception of two months (August 22, 2008 - the date the Louisiana Supreme Court denied petitioner's initial post-conviction application- through October 18, 2008-the date the trial court granted leave for petitioner to file supplemental post-conviction claims), petitioner has had state post-conviction proceedings pending in the Louisiana state courts from April 13, 2007 (the date he initially filed an application or post-conviction relief) through the present date (petitioner alleges herein that his supplemental post-conviction claims are pending review in the state courts). Thus, with the benefit of statutory tolling, it appears that the one year has not passed. *See* 28 U.S.C. § 2244(d)(2).

3

return to state court, exhaust his claim, and file a habeas petition before the limitations period for the . . . claim expires.").

For the above reasons, the Motion to Stay and Abey [rec. doc. 9] filed by *pro se* petitioner Theodore Phillips is **DENIED** without prejudice to re-filing upon an adequate showing pursuant to *Rhines v. Weber* that there is good cause for petitioner's failure to exhaust his additional claims for relief, and that these claims are not plainly meritless.

Any additional Motion to Stay these proceedings shall be filed no later than **March 19, 2009.** No extensions will be granted and any Motion for a Stay filed after that date will be denied.

Signed this 5th day of March, 2009, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE